IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,458-01






EX PARTE DOMINGO CALDERON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-11-0244-CRA IN THE 218
TH DISTRICT COURT


FROM ATASCOSA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child by exposure
and sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends, among other things, that he is actually innocent based on a 2006 recantation
from the complainant and that the State failed to disclose that the complainant had recanted as early as
2005. On January 31, 2007, we remanded this application and directed the trial court to enter findings of
fact and conclusions of law. After holding an evidentiary hearing, the trial court concluded that the
complainant's 2005 recantation was disclosed to Applicant. The trial court found, however, that the
complainant's 2006 recantation constituted newly discovered evidence and concluded that Applicant was
actually innocent. The trial court recommended that we grant relief. 

 On June 27, 2007, we remanded this application for further findings of fact and conclusions of law.
We directed the trial court to determine whether there were facts in the complainant's 2006 recantation
that were not previously available to or discoverable by Applicant. See Ex parte Brown, 205 S.W.3d 538,
545 (Tex. Crim. App. 2006). Specifically, we directed the trial court to determine what, if any, material
facts set out in the complainant's 2006 recantation were not included in her 2005 recantation. 

 On remand, the trial court found, among other things, that when Applicant pleaded no contest, he
had no knowledge of the complainant's 2005 recantation; and that because the complainant's 2006
recantation had not been presented to the trial court, it constituted newly discovered evidence. The trial
court again recommended that we grant relief. We believe that the trial court should make further findings
of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If not and the trial court elects to hold a second
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall determine whether the complainant's 2005 recantation was in fact disclosed
to Applicant. In its original findings, the trial court determined that the recantation was disclosed to
Applicant, but in its subsequent findings, it determined that Applicant had no knowledge of the recantation.
We believe these findings should be clarified. If the trial court finds that the 2005 recantation was not
disclosed, it shall determine whether the State violated Brady v. Maryland, 373 U.S. 83 (1963). If the trial
court finds that the 2005 recantation was disclosed, it shall make further findings on what, if any, material
facts set out in the complainant's 2006 recantation were not included in her 2005 recantation. The trial
court shall then make further findings of fact and conclusions of law as to whether Applicant has established
that he is actually innocent. The trial court shall make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: February 27, 2008

Do not publish